

Martha A. Geer
900 W. Morgan Street
Raleigh, NC 27603
mgeer@milberg.com

January 12, 2023

**FILED AND SERVED VIA CM/ECF**

Molly C. Dwyer
Clerk of Court
United States Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103-1526

> **Re:** ***MAO-MSO Recovery II, LLC, et al v. Mercury General***, **No. 21-56395 - Response to Mercury General's Second Rule 28(j) Letter Dated December 21, 2022**

Dear Ms. Dwyer:

Mercury General has cited *MSP Recovery Claims, Series LLC v. Tower Hill Prime Ins. Co.*, No. 1:20-CV-262-AW-HTC, Dkt. 144 (N.D. Fla. Dec. 20, 2022), solely in support of its argument at pp. 55-56 of its Appellee brief that, based on contract interpretation, the assignor Trinity did not possess the right to reimbursement for the D.M. non-reimbursement example. The *Tower Hill* opinion sheds no light on that issue other than confirming, contrary to Mercury's position, that the district court in this case should have applied a summary judgment procedure and standard. *Id.* at *1.

In *Tower Hill*, the defendant was required to first present evidence supporting judgment in its favor on the issue of Article III standing, and Plaintiff responded to that evidence. *Id.* at *5. The district court emphasized that "it was required to determine whether there are genuine issues for trial" and, in doing so, "the court must view the evidence in a light most favorable to the nonmoving party." *Id.* at *1. The court, however, ultimately appeared to misapply that standard by reaching its decision at least in part after weighing the evidence and concluding that defendant's evidence was more credible.

Affiliates/Locations | California | Georgia | Kentucky | Mississippi | New Jersey | New York | North Carolina |
Puerto Rico | South Carolina | Tennessee | Washington |
Netherlands | Portugal | United Kingdom
**www.milberg.com**

Molly C. Dwyer
January 12, 2023
Page 2

      While the court in *Tower Hill* then entered judgment for the defendant, that court was considering only one example of non-reimbursement and, consequently, was required to dismiss the action after it concluded the evidence of standing was insufficient. In this case, however, even if this Court were to agree with Mercury regarding D.M., Plaintiffs presented evidence obtained through discovery of multiple other instances of non-reimbursement establishing concrete injury, including E.H. (in the settlement action, No. 21-56396) and S.Y. (in the no fault action, No. 21-56395), which both arose from a Verimed assignment that occurred prior to the filing of the two actions. (D.E. 16 pp. 50-51, 53-54; D.E. pp. 18-22). If the district court had applied the proper standard, as cited in *Tower Hill*, and viewed Plaintiffs' evidence in the light most favorable to Plaintiffs, the district court would have been required to conclude that standing exists at this stage of the litigation.

                                                    Respectfully,

                                                   Martha A. Geer

cc:    All Counsel of Record